**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4677**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELTON GARY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Terrence W. Boyle, District Judge. (4:15-cr-00064-BO-2)

Submitted: June 27, 2017                    Decided: July 18, 2017

Before TRAXLER, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elton Gary appeals the 72-month sentence imposed following a guilty plea to three counts related to dog fighting, in violation of 7 U.S.C. § 2156(a), (b) (2012), 18 U.S.C. §§ 2, 49 (2012); one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012); and two counts related to the possession and distribution of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 856(a)(1) (2012), 18 U.S.C. § 2 (2012). Gary's wife and son were charged in the same indictment, but both negotiated plea agreements. Gary's wife pleaded guilty to one count of dog fighting and one count of being a felon in possession of a firearm, and Gary's son pleaded guilty to one count of dog fighting.

The district court sentenced each defendant sequentially. Gary faced a Sentencing Guidelines range of 57 to 71 months' imprisonment, and after hearing about Gary's two decades of experience with dog fighting and other factors, the district court granted the Government's motion for an upward departure under U.S. Sentencing Guidelines § 2E3.1 cmt. n.2 for extreme cruelty to animals and § 4A1.3 for inadequacy of criminal history. The court departed one month above the top of the Guidelines range. Gary's wife, with a Sentencing Guidelines range of 27 to 33 months' imprisonment, received a sentence of 5 years' probation with 120 days' incarceration after the court learned that she had not been heavily involved in the dog fighting operation and was needed to work and assist with caring for her grandson. Gary's son had the lowest Sentencing Guidelines range, zero to six months' imprisonment, and received a sentence of six months' imprisonment.

2

On appeal, Gary compares his sentence to those of his wife and his son and argues that the district court created an unwarranted sentencing disparity that it failed to adequately explain. We review sentences for procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Significant procedural errors include failing to consider the sentencing factors in 18 U.S.C. § 3553(a) or failing to adequately explain the sentence imposed. *Id.* at 51; *United States v. Carter*, 564 F.3d 325, 328–29 (4th Cir. 2009). When a district court explains its sentence, the explanation "need not be elaborate or lengthy," but the district court "must make an *individualized* assessment based on the facts presented." *Carter*, 564 F.3d at 329–30 (emphasis added) (internal quotation marks omitted).

Only after confirming the procedural reasonableness of a sentence may we assess its substantive reasonableness. *See Gall*, 552 U.S. at 51. To determine substantive reasonableness, we consider the totality of the circumstances, giving due deference to the district court's assessment of the § 3553(a) factors, including whether a sentence would create unwarranted sentencing disparities between defendants with similar records who have been convicted of similar conduct. 18 U.S.C. § 3553(a)(6); *Gall*, 552 U.S. at 51.

Applying these standards, we conclude that Gary received a reasonable sentence, both procedurally and substantively. Although the district court did not explicitly identify the § 3553(a) factors it considered in imposing the chosen sentence, the court's statements at the sentencing hearing and the corresponding statement of reasons confirm its consideration of the enumerated factors. The district court first noted the seriousness of Gary's offense and then considered the need for the sentence imposed to afford adequate

3

deterrence. *See* 18 U.S.C. § 3553(a)(1), (2)(B). The district court also correctly calculated Gary's Sentencing Guidelines range and recognized its discretion to depart from the Guidelines. *See id.* § 3553(a)(3), (4). Furthermore, the district court considered the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct when it compared Gary's case to that of another individual who had been convicted of dog fighting. *See id.* § 3553(a)(6). And the district court's slight upward departure reflected the individual factors of Gary's lengthy leadership of the dog fighting venture and his more extensive criminal history. *See id.* § 3553(a)(1). The district court confirmed that reasoning in its statement of reasons. Thus, the district court did not procedurally err.

Nor did the district court impose a substantively unreasonable sentence, contrary to Gary's argument that the risk of unwarranted sentencing disparities so infected Gary's sentence as to render it unreasonable. We note that "Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case." *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006). Moreover, the three defendants involved here are clearly distinguishable. While all three participated in Gary's dog fighting operation, Gary's wife and son pleaded guilty to only one dog fighting offense and both had less extensive records than Gary. Given the court's interest in deterring dog fighting, Gary's leadership of the dog fighting operation, and Gary's criminal history, we conclude that the district court did not create an unwarranted sentencing disparity between Gary and his codefendants and that the court imposed a substantively reasonable sentence.

4

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*